UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        F I L E D

        DEC 1 4 2023

AT_____ O'CLOCK_____
   John M. Domurad, Clerk - Albany
```

JESSE PERRY,                       )
                    Plaintiff,     )
                                   )      Civil Case No: 1:23-cv-1573
                                   )                     (GTS/CFH.)
        vs.                        )
                                   )      CIVIL COMPLAINT PURSUANT
                                   )      TO TITLE VII OF THE CIVIL
                                   )      RIGHTS ACT, AS AMENDED
                                   )
ALBANY COUNTY DEPARTMENT           )
OF HUMAN RESOURCES, EDWARD DUDEK,  )
ANTHONY SIDOTI, LARA COMITHIER,    )
STEPHEN MCCARTHY, GARY LOMBARDO,   )
EMILY BERLIN (SATALINO), CARMEN INCO )
KATHLEEN MATEO, ERIKA POLAND.      )
                                   )
                    Defendant(s).  )
                                   )

"JURY TRIAL DEMANDED"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JESSE PERRY,                          )
                    Plaintiff,         )              Civil Case No:
                                      )
                                      )
        vs.                           )              CIVIL COMPLAINT
                                      )              PURSUANT TO
                                      )              TITLE VII OF THE
                                      )              CIVIL RIGHTS ACT,
                                      )              AS AMENDED
                                      )
ALBANY COUNTY DEPARTMENT              )
OF HUMAN RESOURCES,  EDWARD DUDEK,)
ANTHONY SIDOTI, LARA COMITHIER,       )
STEPHEN MCCARTHY, GARY LOMBARDO,     )
EMILY BERLIN (SATALINO),              )
CARMEN INCO, KATHLEEN MATEO,          )
ERIKA POLAND.                         )
                                      )
                    Defendant(s).     )

_____

        Plaintiff(s) demand(s) a trial by :        X   JURY            COURT        (Select
only one).


                                **JURISDICTION**

1.   Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e.


2.   Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of
occurred within this District.


                                  **PARTIES**

3.        Jesse Perry
          436 Livingston Avenue, Albany, New York 12206

4.        Jennifer Clement
          Commissioner
          Albany County Department of Human Resources

112 State St., Room 900, Albany, N.Y., 12207

5.    Anthony Sidoti
       Retired Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, ███████████████ Albany, N.Y., █████

6.    Edward Dudek
       Assistant Director
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y.,  12210, ████████████████
       Ballston Spa, N.Y., ██████

7.    Lara Comithier
       Coordinator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210
       ██████████████████ville, N.Y., 12083

8.    Stephen McCarthy
       Senior Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210, █████████████████
       Berne, N.Y., ████████

9.    Gary E. Lombardo
       Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210
       █████████████ Albany, N.Y., 12206

10.   Emily Berlin aka Emily Satalino
       Senior Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210, █████████████Colonie,
       N.Y., 12205

11.   Carmen Inco
       Retired Senior Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210, ██████████████████
       Ballston Spa, N.Y., ███████

12.   Kathleen Mateo
       Support Investigator

2

Albany County Department of Social Services - Child Support Enforcement
Unit,162 Washington Avenue, Albany, N.Y., 12210,██████████████████
████Albany, N.Y., ████████████████████████ Albany, N.Y., ████████████

13.    Erika Poland
       Support Investigator
       Albany County Department of Social Services - Child Support Enforcement
       Unit, 162 Washington Avenue, Albany, N.Y., 12210,█████████████████
       Altamont, N.Y.,███████

14.    This action is brought pursuant to:

   X   Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §
       2000e et seq., and the Civil Rights Act of 1991, for employment discrimination
       based on race, color, religion, sex or national origin.

15.    Venue is invoked pursuant to 28 U.S.C. § 1391.

16.    Defendant's conduct is discriminatory with respect to my race, color and hostile

work environment.

17.    The conduct complained of in this action involves unequal terms and conditions

of employment and retaliation. Other acts as specified below:

       Discrimination under 42 U.S.C § 1981:

       Unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42
U.S.C. § 2000(e)-2(a)(1).

       The establishment and maintenance of a hostile working environment by the
Plaintiff's co-workers reinforced by supervisors and management designed to force the
Plaintiff to resign.

## PROCEDURAL BACKGROUND

18.    Plaintiff Jesse Perry exhausted all of his administrative remedies at the Equal
Employment Opportunity Commission.

19.    The U.S. Equal Employment Opportunity Commission ("EEOC") issued Mr. Pery
a Notice of Right To Sue, which Mr. Perry received on 09/12/23. A true and correct
copy of that notification is attached as **Exhibit A.**

3

## ALLEGATIONS OF FACT

20.    In December of 2015 Albany County Department of Social Services, hired Mr. Perry as a Support Investigator in the Child Support Enforcement Unit (CSEU) located at 162 Washington Avenue, Albany, N.Y., 12210.

21.    Mr. Perry was responsible for serving summonses and petitions upon respondents to help Albany County Family Court establish courts orders for paternity, child support and violations for failure to pay child support.

22.    From December 2015 until October 2021, Plaintiff, Jesse Perry was employed as a Support Investigator in the Child Support Enforcement Unit (CSEU) / Summons Unit.

23.    Edward Dudek supervised Anthony Sidoti and the Plaintiff Mr. Perry from December 2015 up to and including September 2021.

24.    After Mr. Perry was hired Edward Dudek informed the Plaintiff that he is the first black man that was hired into the child support enforcement unit (CSEU) in twenty-five years.

25.    Edward Dudek said, "I guess that we should have hired someone else (a different black man) before, but we didn't. After you were hired a lot of people stopped talking to me."

26.    December 2016 - September 2021 - the Plaintiff, Mr. Perry was required to endure a racially hostile work environment. During this time Mr. Perry's immediate supervisor Edward Dudek said, "I know how to get rid of the Black Lives Matter protestors. The same way the Nazis got rid of the Jews. Except now the Blacks are the Nazis and the Whites are the Jews. You're trying to get rid of the White people." Lara

4

Comithier told the Plaintiff, "My father use to always say that you would complain if they hung you with a new rope." Frank Fink, former Assistant Director, CSEU told the Plaintiff that, "Today is your emancipation proclamation."

27.    October 12, 2016 - Edward Dudek's mother passed away. Edward Dudek introduced Robert Donlon to the Plaintiff at the funeral.

28.    October 12, 2016 Robert Donlon asked the Plaintiff, Mr. Perry, "Is Tony (Anthony Sidoti) still giving you a hard time?"

29.    Between August 30, 2016 and December 11, 2018 on multiple occasions Edward Dudek said to the Plaintiff, Mr. Perry, "I hope that you and Tony (Anthony Sidoti) don't get into a fight.

30.    Edward Dudek said, "Where are you from Mayberry R.F.D or West Hill? I want to see some of those West Hill boxing skills."

31.    On January 23, 2019 and January 25, 2019 the Plaintiff, Mr. Perry experienced nightmares before coming to work that he was going to be physically assaulted by his immediate supervisor Anthony Sidoti.

32.    The Plaintiff, Mr. Perry was hospitalized in February 2019 because of the hostile environment that existed in (CSEU) as a result of Anthony Sidoti's behavior.

33.    On October 23, 2018 Anthony Sidoti in a fit of rage walked into the Plaintiff, Mr. Perry's cubicle in a defensive stance, with Anthony's arms raised, as if Anthony were going to physically strike Mr. Perry.

34.    On October 26, 2018 the Plaintiff e-mailed Edward Dudek at 11:30 a.m. The Plaintiff was unable to continue to working for the afternoon due to Anthony Sidoti's retaliation. See **Exhibit B.**

35.    On November 1, 2018 at 11:39 a,m. Edward Dudek e-mailed the Plaintiff and said, "I feel compelled to reach out to you regarding your troubling phone call yesterday... I would prefer to meet with you to discuss your concerns with your job and your direct supervisor." See **Exhibit C**

36.    On December 3, 2018 the Plaintiff, Mr. Perry articulated a letter to illustrate the decline in his mental and physical health as a result of Anthony Sidoti's behavior. Anthony Sidoti's behavior interfered with Mr. Perry's ability to do his job and it has taken a toll on Mr. Perry's body.

37.    Each year the Plaintiff, Mr. Perry had to use a tremendous amount of his personal vacation and sick time to deal with the retaliation he experienced from Anthony Sidoti.

38.    Edward Dudek said, "Jesse, you know that you have never worked a full year since you have been working here."

39.    On/or about August 30, 2016, November 15, 2017, November 16, 2017, October 23, 2018, November 26, 2018 and December 11, 2018 - Anthony Sidoti continued to attempt to physically assault the Plaintiff, Mr. Perry. The Plaintiff reported Anthony Sidoit's behavior to Edward Dudek.

40.    Edward Dudek told Anthony Sidoti, "If you don't stop treating Jesse like that, I'm going to have Jesse sitting in your seat."

41.    Anthony Sidoti's behavior towards the Plaintiff escalated each and every time the Plaintiff reported Anthony Sidoti to their supervisor Edward Dudek.

42.    At some point while working in the child support enforcement unit (CSEU) the Plaintiff, Mr. Perry would remain sitting in his cubicle holding his urine and not go to the

bathroom for hours, due to Mr. Perry's fears of being stalked and physically assaulted in the CSEU by his immediate supervisor Anthony Sidoti.

43.    Edward Dudek continued to allow Anthony Sidoti to supervise the Plaintiff although Anthony Sidoti made additional attempts to physically assault Mr. Perry.

44.    On/or about November 29, 2017 - Albany County Division of Affirmative Action Department of Human Resources, Director, Tyrell Gladden, said that the threatening behavior, intimidation, unwanted physical contact, verbal abuse and retaliation the Plaintiff received from Anthony Sidoti falls under the Albany County's Workplace Violence policy. See **Exhibit D.**

45.    Anthony Sidoti's harassment and subsequent retaliation interfered with Mr. Perry's ability to do his job. Anthony Sidoti's harassment and retaliation caused Mr. Perry to submit  letters of resignation to the child support enforcement unit (CSEU) on November 25, 2017, December 11, 2018 and February 4, 2019.

46.    Anthony Sidoti's behavior is in violation of Albany County Department of Human Resources Division of Affirmative Action Memorandum Subject: Anti-Discrimination Policy, April 15, 2009. See **Exhibit E**

47.    On/or about December 4, 2018 the Plaintiff filed a complaint with against his immediate supervisor Anthony Sidoti because of the hostile work environment that existed in the child support enforcement unit (CSEU) from August 2016 until December 2018. See **Exhibit F.**

48.    On/or about December 28, 2018 Tyrell Gladden, Albany County Division of Affirmative Action and Jennifer Clement, Commissioner, Albany County Department of Human Resources interviewed Edward Dudek who said, "I have no knowledge, I was

7

not aware, Jesse never told me." See Exhibit C

49.    July 2019 - After meeting with Edward Dudek and Mark Horan, Anthony Sidoti

attempted to drive his personal vehicle into the rear of the Plaintff, Mr. Perry's personal

car.

50.    Mr. Perry was unable to work in the child support enforcement unit (CSEU) from

July 2020 until October 13, 2020 due to the hostile working environment which existed

in the CSEU.

51.    The Plaintiff initially contacted his Civil Service Employees Association (CSEA) in

2016, 2018, July 2020 and October 2020. See **Exhibit G.**

52.    Virginia O'Brien, Labor Relations Specialist (LRS), Civil Service Employees

Association (CSEA) informed the Plaintiff, Mr. Perry that Albany County received

multiple violations and the Plaintiff was the impetus for the violations issued against

Albany County. See **Exhibit H.**

53.    The New York State Department of Labor, Public Employee Safety and Health

(PESH) Bureau issued violations against Albany County based upon the unsafe

working conditions in violation of the Workplace Violence Prevention Act.

54.    Virginia O'Brien also said that she contacted Adam N. Hornick, Director of

Employee Safety, Albany County Department of Human Resources, on my behalf to let

him know that the Plaintiff would be calling Mr. Hornick.

55.    The Plaintiff requested and received through a FOIL request from the New York

State Department of Labor Public Employee Safety and Health (PESH) Bureau a ten

page report of the Workplace Violence Prevention Act Notice of Violation and Order to

Comply issued against Albany County. See **Exhibit I.**

56.    Mark Horan, Director, child support enforcement unit (CSEU) told the Plaintiff, "In forty years I have never had to file a workplace violence incident report."

57.    From August 2016 until July 2019 Anthony Sidoti established and maintained a pattern and practice of harassment, intimidation and the maintenance of a hostile work environment defined by Anthony Sidoti's anger and anxiety.

58.    August 2016 - Mr. Perry's immediate supervisor, Anthony Sidoti entered Mr. Perry's cubicle harassing and  attempting to physically assault Mr. Perry was seated in his cubicle.

59.    Anthony Sidoti met with Frank Fink, former Assistant Director, CSEU on a regular to discuss the Plaintiff.

60.    Frank Fink asked the Plaintiff, "Do you think that Tony (Anthony Sidoti) treats you the way he does because of your race? The Plaintiff answered, "No." Frank Fink said, "I think Anthony does because of your race."

61.    Lara Comithier, former Senior Investigator, currently Coordinator, CSEU said to the Plaintiff, "I believe that Tony (Anthony Sidoti) treats you the way he does, is because of your race, based on the way he used to treat and talk to me. The child support enforcement unit has always been the 'Good 'Ole Boys Club'"

62.    September 7, 2016 - 4:40 a.m. - I was up at my computer looking for ways to protect myself from Anthony Sidoti's, senior investigator, CSEU anger and harassment.

63.    September 7, 2016 - sent a letter of Civil Service Employees Association (CSEA) in an effort to work with my immediate supervisor Anthony Sidoti. See **Exhibit G.**

64.    December 5, December 6, December 7, 2016 - I observed a national Enquirer magazine opened to the center page which depicted a Ku Klux Klan (KKK) cross

burning depiction of some activity at a KKK rally. The magazine lay on the conference table used to mail summonses and petitions to employers, attorneys and respondents.

65.    December 5, December 6, December 7, 2016 remained on the table displaying images of Ku Klux Klan (KKK) cross burnings and depictions of former Secretary of State Hillary Clinton.

66.    Frank Fink, Assistant Director, CSEU  walked back and forth ducking and hiding behind a concrete pillar in the CSEU, smiling and laughing, as the Plaintiff made Denise Swann aware of the pictures of the KKK cross burnings.

67.    Denise Swann, former Support Investigator, CSEU intake unit prepared to inform Tyrell Gladden, Director, Albany County Division of Affirmative Action, Department of Human Resources.

68.    Stephen McCarthy paraded the Ku Klux Klan (KKK) cross burning pictures around the CSEU and spoke with Mara Shave, former Coordinator, CSEU, intake unit. Stephen McCarthy said he didn't see anything wrong with the pictures.

69.    Mara Shave instructed Stephen McCarthy to put the magazine with Ku Klux Klan pictures back on the conference table used by the CSEU, Heap Unit and Food Stamp Unit.

70.    An Albany County mail courier picked up the magazine and let out a yell. The courier picked up the magazine and walked over to show and discuss it with Patrick Murphy, supervisor, Heap Unit, Albany County Department of Social Services.

71.    It was alleged that Stephen McCarthy displayed a Confederate Flag on the front of his car, while Stephen's car was parked in the Albany County employees parking lot.

72.    Denise Swann said that she reported the flag to Mark Horan, Director, CSEU,

Mark Horan told Denise Swann, "Stephen comes from a good family."

73.    May 14, 2018 - Edward Dudek began to treat Mr. Perry like a Black Lives Matter

protestor encouraging him not to go to and/or near any protests for fear that someone

may see Mr. Perry   and say, "Doesn't he work for Edward Dudek?"

74.    May 2020 - Mr. Perry's immediate supervisor Edward Dudek told him, "I know

how to get rid of the Black Lives Matter protestors. The same way the Nazis got rid of

the Jews. Except now the Blacks are the Nazis and the Whites are the Jews. You're

trying to get rid of the White people."

75.    Edward Dudek said to the Plaintiff, Mr. Perry, "I collect memorabilia. I don't know

what it is about Nazi memorabilia but I like it. I don't know if it is the way it looks but I

like it. The medals, the insignia. I know it's probably illegal but I still like the way it

looks.

76.    Sitting in the cubicle next to the Plaintiff, Stephen McCarthy, Senior Investigator,

CSEU said, to Robert Donlon, "I'm surprised that after all of the things that we have

said about Nazis and Jews, we have not been kicked off of Facebook."

77.    Edward Dudek said he was tired of having to hear Frank Fink complain how

much Frank hates his job.

78.    June 2020 - Frank Fink, Assistant Director in the CSEU when talking about the

male noncustodial parents told Mr. Perry, "They should be castrated." Frank Fink, has

also said to Mr. Perry, "Today is your emancipation proclamation. Today is your

emancipation proclamation."

79.    Edward Dudek said, as Mara Shave, Coordinator, CSEU is driving on her way to

work, once she cross the county line, into Albany County, "This is the scourge of the

Earth."

80.     On/or about June 18, 2020 from 3:14 p.m. unit 3:32 p.m  Stephen McCarthy stood in Mr. Perry's cubicle talking with Gary Lombardo and others about the movie 'Twelve Years A Slave.'

81.     On/or about July 15, 2021 - Plaintiff's immediate supervisor, Lara Comithier said, "My father always said you would complain if they hung you with a new rope." (1)

82.     Gary Lombardo, support investigator, CSEU said, "What did you say?"

83.     Lara Comithier said, "You would complain if they hung you with a new rope." (2)

84.     Stephen McCarthy came over to the Plaintiff's cubicle and said, "You know there's a meaning behind that saying." Stephen McCarthy looked over at the Plaintiff, Mr. Perry and said, "I'll tell you later."

85.     In the past Lara Comithier has said to the Plaintiff, Mr. Perry, "You dress nice, you talk nice, but your hair, those braids in your hair have to go."

86.     In the past Stephen McCarthy and Lara Comithier have said, "Albany is disgusting."

Jack Schuler wrote in his 2014 book, "The Thirteen Turn: A History of the Noose.' "Various groups like the Ku Klux Klan (KKK) meted out summary justice across the South."[1]

January 7, 2011 - Congressional Representative Sheila Jackson-Lee of Texas, in her testimony before the House Judiciary Committee on the Condemnation of Noose Intimidation, testified, "The noose has come to symbolize ... it has been used as a weapon against those who dared to challenge their condition. It has been used as a weapon to silence the voice of those who dared to speak out."[2]

---

[1]

[2]

12

87.    On/or about December 4, 2018 the Plaintiff filed a complaint with against his immediate supervisor Anthony Sidoti because of the hostile work environment that existed in the child support enforcement unit (CSEU) from August 2016 until December 2018.

88.    On/or about December 10, 2018 Jennifer Clement and Tyrell Gladden Albany County Department of Human Resources Division of Affirmative Action told the Plaintiff, Mr. Perry that as part of their investigation they were going to be interviewing the Plaintiff's co-workers and supervisors in the child support enforcement unit (CSEU) on/or about December 13, 2018.

89.    Edward Dudek agreed to meet with Jennifer Clement and Tyrell Gladden Albany County Department of Human Resources Division of Affirmative Action on December 13, 2018.

90.    The Plaintiff notified Commissioner Jennifer Clement that on December 13, 2018 the Child support enforcement unit (CSEU was having their annual Christmas Party at McGreary's Pub. The majority of the employees assigned to the CSEU were going to be at  McGreary's Pub, 4 Clinton Square, Albany, N.Y., 12207 and not in the CSEU located at 162 Washington Avenue, Albany, N.Y., 12210. See **Exhibit J**.

91.    Commissioner Jennifer Clement said to the Plaintiff, "Well I guess we'll just go and show up at their Christmas Party."

92.    On December 13, 2018 the Plaintiff was one of a very few employees who remained on the child support enforcement unit (CSEU).

93.    After Edward Dudek agreed to meet with Commissioner, Jennifer Clement, Human Resources and Tyrell Gladden, Director, Affirmative Action, Edward Dudek said

to the Plaintiff, "We manipulated the manipulators."

94.    On/or about July 9, 2020 the Plaintiff, Mr. Perry filed a complaint with against his immediate supervisor Edward Dudek.

95.    On July 17, 2020 Edward Dudek told the Plaintiff, Mr. Perry, "You disrespected me."

96.    On July 20, 2020 the Plaintiff met with Jennifer Clement, Commissioner, Albany County Department of Human Resources, Galal Cancer, Albany County Division of Affirmative Action at  approximately 12:00 p.m. to discuss the Plaintiff working in his own neighborhood serving summonses and petitions for Albany County Family Court.

97.    July 20, 2020 from 3:00 p.m. until 4:00 p.m. the Plaintiff met with a representative from the Employee Assistance Program (EAP) to deal with the on going harassment, discrimination and hostile working environment.

98.    On/or about July 22, 2022 the Plaintiff received an e-mail See Appendix F page

99.    July 28, 2020 the Plaintiff met with a representative from the Employee Assistance Program (EAP) to deal with the on going harassment, discrimination and hostile working environment.

100.    On September 15, 2020 at 4:47 p.m. the Plaintiff, Mr. Perry sent an e-mail to Jennifer Clement, Commissioner, Albany County Department of Human Resources.

101.    On/or about April 15, 2021 the Plaintiff contacted Tyrell Gladden Albany County Division of Affirmative Action, Department of Human Resources.

102.    Tyrell Gladden said, "What is this your third supervisor. You don't know how to work with people. Don't bring up the County Car."

103. November 1, 2017 - I met with Edward Dudek, former Coordinator, Child Support

14

Summons Unit. I tried to illustrate to Edward Dudek that Anthony Sidoti needs to get some help before Anthony Sidoti hurts someone.

104.    On/or about October 21, 2021 at 10:40 a.m. the Plaintiff, Mr. Perry sent an e-mail to Diane Selchick, CSEA Labor Relations Specialist (LRS) because Anthony Sidoti up to and including September 2021 impacted the safety of the Plaintiff, Mr. Perry.

105.    October 14, 2020 until November 18, 2020 the Plaintiff experienced computer related problems. See **Exhibit K**.

106.    After the Plaintiff filed a complaint on July 9, 2020 the Plaintiff began to experience computer problems on/or about July 16, 2020 that did not exist prior to July 9, 2020.

107.    Robert Donlon said that he was providing the Plaintiff with a new computer.

108.    On July 13, 2020 the Plaintiff contacted Robert A. Morisseau in an effort to get a working computer in the child support enforcement unit (CSEU). Mr. Morisseau informed the Plaintiff, Mr. Perry that the computer was approximately seven years old.

109.    On July 17, 2020, the Plaintiff, Mr. Perry received a Letter of Memorandum indicating that the Plaintiff did not have any sick time on July 9, 2020 to file a complaint with Albany County Division of Affirmative Action against Edward Dudek

110.    On/or about July 7, 2020 the Plaintiff met with Frank Fink, Assistant Director and Mark Horan, Director twice after they both met with Beth Lyons. Beth Lyons said that she was going to dock the Plaintiff's pay.

111.    On July 17, 2020 after the Plaintiff returned to the child support enforcement unit (CSEU) Edward Dudek to the Plaintiff, "You disrespected me" after the Plaintiff filed a complaint with Albany County Division of Affirmative Action against Edward Dudek.

112.    Edward Dudek facilitated the return of Stephen McCarthy to the child

enforcement unit (CSEU) saying to Mark Horan, Director, CSEU, that the CSEU

summons unit was backlogged with summonses and petitions that needed to be

served.

113.    At the same time, Edward Dudek encouraged the Plaintiff, Mr. Perry to go home

because Albany County Family Court was closed and there was no work to do.

114.    Eileen Walsh, Assistant to Commissioner, Michele McClave, Albany County

Department of Social Services, told Mr. Perry, "You had no work to do."

115.    When Mr. Perry reported this persistent harassment and discrimination, the

Child Support Enforcement Unit ("CSEU") retaliated against him by isolating him from

the rest of the investigators assigned to the CSEU. The CSEU meanwhile promoted

and provided positive annual performance appraisals to employees who had the same

or worse workplace performance than Mr. Perry had.

Mr. Perry is Harassed by Lara Comithier

116. Prior to March 25, 2021 - Lara Comithier said to the Plaintiff, "Jesse, you dress

nice, you talk nice, but your hair, those braids have to go. You are a good

representative of the minority community but Denise Swann is not."

117. March 17, 2021- Bob Donlon, an Albany County Department of Social Services

(ACDSS) employee from the (IT) Information Technology Department while walking from

Edward Dudek's office yelled out in the child support enforcement unit (CSEU) "Hey

Racist!"

118. On/or about March 25, 2021 Plaintiff contacted Albany County Department of

16

Human Resources Division of Affirmative Action, Director, Tyrell Gladden to file a verbal

complaint against Robert Donlon, an Albany County Department of Social Services

part-time clerk.

119. April 2, 2021 - Lara Comithier at 2:15 p.m. - 2:30 p.m was talking to Gary
Lombardo and Stephen McCarthy - Lara Comithier said, "Not to sound racist."
Stephen McCarthy said, "I don't think that you're sounding racist." Gary Lombardo
said, "You know that we're living in sensitive times. It's like blaming the Jews for
staying in Europe." At 2:35 p.m. Stephen McCarthy said, "They had no where else to
go."

120. April 13, 2021 -Lara Comithier told Mark Horan, Director, CSEU that she and
Robert Donlon are facebook friends outside of Albany County Department of Social
Services (ACDSS). Lara Comithier also told Mark Horan that she and Robert Donlon
call each other, "Hey racist," all of the time.

121. On/or about April 15, 2021- I met with Mark Horan and Lara Comithier in reference
to Robert Donlon's "Hey Racist" comments. Lara Comithier said, "Oh in this climate I
didn't realize that you heard Bob (Robert Donlon)."

122. April 15, 2021 - Lara Comither said, "Jesse, I went home and I felt so bad that you
don't feel like you want to come to work, that you don't feel good, it really bothered
me.

123. April 27, 2021 - 2:20 p.m. Lara Comithier talking with Gary Lombardo about race.

124. Lara Comithier and the plaintiff met with Mark Horan, Director, child support
enforcement unit (CSEU). Lara Comithier said, "She and Robert Donlon call each other
Hey Racist" all of the time."

125. The Plaintiff has worked with Lara Comithier since December 11, 2015; at no time
has Plaintiff ever heard Robert Donlon or Lara Comithier say to one another, "Hey
Racist!"

126. On/or about May 6, 2021 - the Plaintiff's car mechanic was hit by a driver, his legs
were amputated and eventually he died from his injuries. One day while working Erika
Poland, investigator, child support intake unit said, "How are You Jesse?" I said, my
friend got hit by a car and his legs got amputated. Lara Comithier said,"So that's
what's wrong with Jesse, is he dead yet?

127. On/or about July 2021- Plaintiff received a Redacted Copy of a Follow Up Report
And Conclusion from Albany County Division of Affirmative Action, Department of
Human Resources in reference to the comments made by Robert Donlon.

128. On/or about July 15, 2021 - as a result of Plaintiff's complaints and concerns Lara Comithier said, "You would complain if they hung you with a new rope." Gary Lombardo said, "What did you say?" Lara Comithier repeated herself and said, "My father use to always say, you would complain if they hung you with a new rope."

129. July 15, 2021 - Stephen McCarthy came over and said, "You know the meaning of that saying and where it came from." Stephen McCarthy looked over at the Plaintiff and said, "Oh, I'll tell you later."

130. July 28, 2021 I had an appointment with an Employee Assistance Program (EAP)

131. July 30, 2021 - I had a meeting with Edward Dudek, Assistant Director Child Support Enforcement Unit (CSEU) and Lara Comithier, Coordinator, Child Support Intake Unit.

    Stephen McCarthy was not held to the same standard(s) as any other Support
        Investigator assigned to the child support enforcement unit (CSEU).

132. Stephen McCarthy was hired as a Support Investigator in the child support enforcement unit (CSEU). Anthony Sidoti informed me that Stephen McCarthy became so afraid to work in the field that Edward Dudek created a non-civil service position whereby Stephen McCarthy was able to work part-time in the intake unit. And part-time in the summons unit.

133. Between March 2020 and July 2020 - Edward Dudek encouraged Mr. Perry to go home and stay home. Edward Dudek said, "Put in for time off because Albany County Family Court was closed."

    a) Edward Dudek said, "Mr. Perry should not be here at ACDSS, he should just take time off and stay home. There is no work. Edward Dudek said, " I should take time off and file a grievance with the Union (CSEA) later."

    b) Edward Dudek advocated on behalf of Stephen McCarthy to be rehired by Albany County Department of Social Services (ACDSS) even though Edward Dudek said, the CSEU had slowed down because Albany County Family Court is closed.

    c) At the same time Edward Dudek encouraged the Plaintiff to go home, take time off and file a grievance with the CSEA union later

134. Edward Dudek told Mark Horan, Director, child support enforcement unit (CSEU) that CSEU is backlogged and the unit needs additional help.

135. Albany County Family Court remained closed and there was a slow down in the work. There was no backlog in the child support enforcement unit (CSEU) at the time Edward Dudek advocated for Stephen McCarthy's return.

Mr. Perry Harassed By Stephen McCarthy

136. On/or about June 18, 2020 from 3:14 p.m. unit 3:32 p.m Stephen McCarthy stood in Mr. Perry's cubicle talking with Gary Lombardo and others about the movie 'Twelve Years A Slave.'

137. Mr. Perry made a telephone call at the same time to inform someone about Stephen McCarthy's behavior.

138. Stephen McCarthy remained standing inside of Mr. Perry's cubicle from 3:14 p.m. unit 3:39 p.m.

139. April 2, 2021 - Lara Comithier at 2:15 p.m. - 2:30 p.m was talking-to Gary Lombardo and Stephen McCarthy - Lara Comithier said, "Not to sound racist." Stephen McCarthy said, "I don't think that you're sounding racist." Gary Lombardo said, "You know that we're living in sensitive times. It's like blaming the Jews for staying in Europe." At 2:35 p.m. Stephen McCarthy said, "They had no where else to go."

140. On/or about July 15, 2021 - as a result of my complaints and concerns Lara Comithier said, "You would complain if they hung you with a new rope." Gary Lombardo said, "What did you say?" Lara Comithier repeated herself and said, "My father use to always say, you would complain if they hung you with a new rope."

141. July 15, 2021 - Stephen McCarthy came over and said, "You know the meaning of that saying and where it came from." Stephen McCarthy looked over at the Plaintiff and said, "Oh, I'll tell you later."

First Cause of Action
Title VII, 42 U.S.C. § 2000e-2(a) Hostile Work
Environment Based On Race Against Perry

142.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-141, above.

143.    Perry was discriminated against and harassed based upon his race by his immediate supervisor Anthony Sidoti.

144.    The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Perry, were viewed subjectively hostile and abusive by Perry, and would be viewed as objectively hostile and abusive to a reasonable person.

19

145.    Perry complained numerous times to Albany County Department of Social Services

(ACDSS) child support enforcement unit (CSEU) supervisors about the discrimination,

harassment and CSEU had actual or constructive knowledge of the ongoing discrimination and

harassment.

146.    ACDSS CSEU failed to take prompt and appropriate remedial action to prevent or

correct further discrimination and harassment of Perry.

147.    ACDSS CSEU discriminated against Perry on the basis of his race or color in violation

of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §

2000e et seq., and the Civil Rights Act of 1991, for employment discrimination

based on race, color, religion, sex or national origin.

Second Cause of Action
Civil Rights Act of 1964 § 704(a),42 U.S.C. § 2000e-3(a)
Retaliation Against Perry for Engaging in Protected Activity

148.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs

1-147, above.

149.    Perry engaged in protected activity when he complained about discrimination ad

harassment based on his race.

150.    In retaliation for Perry's complaints, the child support enforcement unit (CSEU)
sabotaged his work assignments, disciplined him and provided him with a letter of
memorandum for filing a complaint with Albany County Division of Affirmative Action
Department of Human Resources.

151.    There was a causal connection between Perry's complaints and the materially adverse

actions taken against Perry by the child support enforcement unit (CSEU).

152.    The retaliation endured by Perry would dissuade a reasonable employee from making

complaints of discrimination and harassment.

153.    The child support enforcement unit (CSEU) retaliated against Perry for engaging in

protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

20

154.  PRAYER FOR RELIEF

Wherefore, plaintiff(s) respectfully request(s) that this Court grant the following relief:

Declaring that Defendant's discriminatory policies and practices violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000ec, et seq.

(b) Enjoying Defendant, Defendant's employees and all other persons in active concert out participation from:

      (i) Aiding, abetting, inciting and compelling the doing of acts forbidden under Albany County Department of Human Resources Division of Affirmative Action Anti-Discrimination Policy which expresses directly or indirectly any discriminatory employment practices, including harassment, whether verbal, physical, environmental or retaliation;

      (ii) Aiding, abetting, inciting and compelling the doing of acts forbidden under Albany County Workplace Violence Prevention Act Policy which clearly expresses the County's intolerance for violent behavior including any physical assault or act of aggressive behavior, including but not limited to: any attempt to threat, whether verbal or physical, to inflict physical injury upon an employee; intentional display of force; intentional and wrongful physical contact; and/or stalking an employee with the intent of causing harm, occurring where a public employee performs any work-related duty in the course of his or her employment;

      (iii) Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed any right granted by Albany County Workplace Violence Act Prevention Policy.

(c) Awarding such damages to Plaintiff as will fully compensate him for the lost time and wages Plaintiff incurred as a result;

(d) Awarding such damages to Plaintiff as will fully compensate him for the mental anguish, pain and suffering incurred as a result of a hostile work environment;

(e) Awarding Plaintiff reasonable costs and expenses, together with the costs and disbursements of this action; and

(f) Granting Plaintiffs such other and further relief as may be just and proper.


I declare under penalty of perjury that the foregoing is true and correct.

21

DATED: December 14, 2023

Jesse Perry

Notary Public

Travis Dornbroski
Notary Public, State of New York
Reg. No. 01DO6423406
Qualified in Albany County
Commission Expires 10/12/2025

22

EXHIBIT A

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: *www.eeoc.gov*

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/15/2023

**To:** Mr. Jesse Perry Jr.
436 Livingston Avenue
Albany, NY 12206

Charge No: 525-2022-00967

EEOC Representative and email:    ERNEST WOODARD
Equal Opportunity Investigator
ernest.woodard@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Maureen C. Kielt
Digitally signed by Maureen C. Kielt
Date: 2023.09.14 17:52:37 -04'00'

Maureen Kielt
Director, Buffalo Local Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
Phone: (716) 431-5007
Fax: buffaxmain@eeoc.gov

Maureen C. Kielt
Director

Jesse Perry Jr.
436 Livingston Ave
Albany, NY 12206

Re:    Jesse Perry Jr. v. Albany County Department of Social Services
Charge No. 525-2022-00967

Dear Mr. Perry:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information provided by you. You alleged discrimination based on Race-Black/African American in the form of race-based comments and retaliation in the form of denial of promotion.

An assessment of your allegations has been completed. It seems that your allegations did not establish a prima facie case. A Charging Party (you) must provide the building blocks which would lead to reasonably believe there was a violation to the Law. The Respondent contends that all complaints, made by you, the Charing Party, were investigated and effective action was taken. Respondent further contends that you are not eligible for promotion because you have not taken the required exams for promotion.

Based upon an analysis of the information submitted to us, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Federal Investigator Ernest Woodard at ernest.woodard@eeoc.gov if you have any questions.

Sincerely,

Maureen C. Kielt
Digitally signed by Maureen C. Kielt
Date: 2023.09.14 18:37:48 -04'00'

Maureen Kielt
Director, Local Buffalo Office

# EXHIBIT B

**Perry, Jesse**

| | |
|---|---|
| **To:** | Dudek, Edward |
| **Subject:** | Time Off |

I left the field at 11:30 am on Friday October 26. I felt that is was important for me to separate myself from an on-going situation that has escalated. I am committed to maintaining my ability to meet with and serve respondents in a way that is always professional. It is apparent that as others try to provide some form of intervention Tony only seems to retaliate.

Tony has demonstrated his willingness to remain vigilant in his efforts to resist change. I accept whatever changes have been proposed which are designed to make us as effective if not more productive. Tony resents a lot of the changes we have discussed. As a result I am the recipient of his anger. I enjoy working here and nothing is going to get in the way of the successful pattern of serving respondents that I have established. I appreciate your willingness to assist me in my working closely with Tony. Tony does not and will not treat you the way that he treats me. I have been extremely patient with him. Based upon his most recent episode I feel compelled to address his behavior in a way that serves to benefit both of us.

I have earned the right to work in this unit, free from abuse, intimidation and manipulation. Our work requires that we meet with unpredictable individuals who may anger management issues and/or a lack of self-control. For these reasons it is imperative that I address these concerns immediately. My plans are to meet with several people to see what if any steps I take would ensure that I am able to work in an environment free from Tony's anger.

1

EXHIBIT C

**Perry, Jesse**

| | |
|---|---|
| **From:** | Dudek, Edward |
| **Sent:** | Thursday, November 01, 2018 11:39 AM |
| **To:** | Perry, Jesse |
| **Subject:** | October 31, 2018 Telephone Conversation |

Jesse: I realize you are currently in the field but I feel compelled to reach out to you regarding your troubling phone call to me at the end of your day yesterday afternoon. First and foremost as you are aware I have an open door policy in which you can discuss any problems at any time. I would expect that if any issue arises that you follow the chain of command and at least allow me the opportunity to do my best on your behalf to solve any such problem. That being said I would once again like to reiterate as I did over the phone to you yesterday that I would prefer to meet with you if you wish to discuss your ongoing concerns with your job and your direct supervisor. However when I suggested this you expressed your reservations on doing so because you were afraid it may aggravate the situation and then told me that everything was fine, etc. I would like you to know that I have found you to be a most professional and competent worker. I have no problem with your current work ethic or cases that you have worked. Therefore your fears of losing your job are grossly unfounded. However I do not want you to dread coming to work because of various stresses in the field or with your supervisor. As I mentioned to you yesterday, there are many options including even the possibility of transferring to another position in house without field work as a component and with another direct line supervisor. Again, if you are still troubled about your current situation I would like to meet with you face to face to discuss the various avenues that can be taken so that you can feel better about coming to work. You are a valued employee and your opinions do matter! Let me know your decision. Ed

**Edward J. Dudek Jr.**
**Coordinator**
**Albany County Child Support Enforcement**
**162 Washington Ave.**
**Albany, NY 12210**
**tel 518-447-7448**
**fax 518-447-7004**

Confidentiality Notice: This fax/e-mail transmission, with accompanying records, is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or privileged information belonging to the sender, including individually identifiable health information subject to the privacy and security provisions of HIPAA. This information may be protected by pertinent privilege(s), e.g., attorney-client, doctor-patient, HIPAA etc., which will be enforced to the fullest extent of the law. If you are not the intended recipient, you are hereby notified that any examination, analysis, disclosure, copying, dissemination, distribution, sharing, or use of the information in this transmission is strictly prohibited. If you have received this message and associated documents in error, please notify the sender immediately for instructions. If this message was received by e-mail, please delete the original message.

EXHIBIT D

**Perry, Jesse**

| | |
|---|---|
| **From:** | Gladden, Tyrell |
| **Sent:** | Wednesday, November 29, 2017 12:45 PM |
| **To:** | Perry, Jesse |
| **Subject:** | Complaint |
| **Attachments:** | 2012 Workplace Violence Policy.pdf; Albany County Workplace Violence Report Form.doc |

Mr. Perry,

Thank you for taking the time to come in to raise concern regarding a sensitive matter.  Per our brief conversation yesterday you made it clear that you did not feel/ think the interactions you are having with your co-worker are racially driven.  However, you did state that you are encountering threating behavior, intimidation, unwanted physical contact, verbal abuse, and some level of retaliation.  What you have described falls under the Albany County's Workplace Violence policy.

Attached is a workplace violence report form.  If there is not enough room you can attach an additional page(s).  I would like to have you come back in to meet with another colleague and myself as I explained to you yesterday.  Please call me at your earliest convenience to discuss the form and to schedule an appointment.  Your attention to this matter is appreciated.

Thank you,

Tyrell Gladden
Director of Affirmative Action
Albany County Department of Human Resources
112 State Street, Room 1100| Albany, NY 12207
tel: 518.447.7784 | fax: 518.447.5560
tyrell.gladden@albanycountyny.gov
www.albanycounty.com



 Please consider the environment before printing this email.

Confidentiality Notice: This fax/e-mail transmission, with accompanying records, is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or privileged information belonging to the sender, including individually identifiable health information subject to the privacy and security provisions of HIPAA. This information may be protected by pertinent privilege(s), e.g., attorney-client, doctor-patient, HIPAA etc., which will be enforced to the fullest extent of the law. If you are not the intended recipient, you are hereby notified that any examination, analysis, disclosure, copying, dissemination, distribution, sharing, or use of the information in this transmission is strictly prohibited. If you have received this message and associated documents in error, please notify the sender immediately for instructions. If this message was received by e-mail, please delete the original message

## RESOLUTION NO. 270

## ADOPTING THE ALBANY COUNTY WORKPLACE VIOLENCE PREVENTION POLICY

Introduced: 7/13/09
By Personnel Committee, Messrs. Horstmyer and Mendick:

WHEREAS, In accordance with Section 27-b of the New York State Labor Law, every municipality with more than twenty full time employees is required to develop and implement a written workplace violence prevention program, and

WHEREAS, As part of the requirement, the promulgated rules and regulations mandates a Workplace Violence Prevention Policy Statement, and

WHEREAS, The Department of Human Resources has developed a draft Workplace Violence Prevention Policy Statement for review and adoption by this Honorable Body, and

WHEREAS, The Policy Statement clearly expresses the County's intolerance for violent behavior including any physical assault or act of aggressive behavior, including, but not limited to: any attempt to threat, whether verbal or physical, to inflict physical injury upon an employee; intentional display of force; intentional and wrongful physical contact; and/or stalking an employee with the intent of causing fear or material harm, now, therefore be it

RESOLVED, By the Albany County Legislature that the Albany County Workplace Violence Statement of Policy as drafted by the Department of Human Resources and filed with the Clerk of the Legislature is hereby adopted, and, be it further

RESOLVED, That the Clerk of the County Legislature is directed to forward certified copies of this resolution to the appropriate County Officials.

*Adopted by unanimous vote. 7/13/09*



## ALBANY COUNTY WORKPLACE VIOLENCE STATEMENT OF POLICY

It is the policy of Albany County to provide its employees with a safe work environment.

Albany County is committed to creating and maintaining a workforce in which all persons employed by the County work together in an atmosphere free from all forms of workplace violence. The County is strongly opposed to workplace violence and will not tolerate such behavior. Workplace violence is any physical assault or act of aggressive behavior, including but not limited to: any attempt or threat, whether verbal or physical, to inflict physical injury upon an employee; intentional display of force; intentional and wrongful physical contact; stalking an employee with the intent of causing fear or material harm, occurring where a public employee performs any work-related duty in the course of his or her employment.

The Workplace Violence Prevention Program is designed to prevent, minimize and respond to any act of workplace violence. Each County department shall; develop, implement and annually review the written Workplace Violence Prevention Program for its work location. All incidents of violent or threatening situations should be reported to the department Director/Commissioner. In case of life threatening situations, local law enforcement and security should be contacted immediately. The department Director/Commissioner is responsible for coordinating a response to incidents reported involving non-imminent danger. All incidents are required to have a completed County Incident Report Form identifying all persons involved including witnesses. All reports will be initially investigated by the department's Director/Commissioner or their designee and forwarded to the Commissioner of the Department of Human Resources. The Commissioner of the Department of Human Resources will prepare a final report, including a follow-up response on the action taken by the department.

It is the intention of the County to take necessary action to prevent or correct behavior which violates this policy. Violations of this policy should be reported to the Albany County Department of Human Resources for investigation. All complaints will be held in strictest confidence.

_____              _July 30 2009_
The Honorable Michael G. Breslin                              Date
Albany County Executive

# ALBANY COUNTY
## Workplace Violence Report Form

Date: _____          Employee's Name: _____

Department and Unit of Employee:
_____

**Person(s) Involved:** _____

Type of Incident: _____

Where Incident Occurred: _____

Time and Date Incident Occurred: _____

Was Security or the police called:  Yes ☐  No ☐  Police Department _____
Was Formal Complaint Filed:  Yes ☐  No ☐  Incident # _____
Photograph(s) taken:  Yes ☐  No ☐
Any Injuries Reported:  Yes ☐  No ☐  (describe below)
Medical Care Provided:  Yes ☐  No ☐  Medical Care Provided By: _____ Where Transported _____
Describe Specific's of the Incident: (Threat, Injuries and/or damages to property):
_____
_____
_____

**Witness #1:**
Name: _____ DOB: _____ Sex:  Male ☐ Female ☐
Address: _____ Home Phone: _____ Work Phone: _____
Describe the incident: _____
_____
_____

**Signature of Witness #1:** _____ Date: _____

**Witness #2:**
Name: _____ DOB: _____ Sex:  Male ☐ Female ☐
Address: _____ Home Phone: _____ Work Phone: _____
Describe the incident: _____
_____

**Signature of Witness #2:** _____ Date: _____

THIS SECTION TO BE COMPLETED BY DEPARTMENT HEAD

**Resolution Sought:** _____
_____

Was EAP Offered:  Yes ☐  No ☐

**Signature of Department Head:** _____ Date: _____

# ALBANY COUNTY
## Workplace Violence Report Form

Date:                                    Employee's Name:

Department and Unit of Employee:

**Person(s) Involved Including Job Titles:**

Type of Incident:

Where Incident Occurred:

Time of Day/Shift

Time and Date Incident Occurred:

Was Security or the police called:  Yes ☐ No☐ Police Department:

Was Formal Complaint Filed:  Yes ☐ No ☐ Incident

Photograph(s) taken:  Yes ☐ No☐

Any Injuries Reported:  Yes ☐ No ☐ (describe below)

Medical Care Provided: Yes ☐ No☐ Medical Care Provided By:                    Where Transported

Describe Specific's of the Incident: (Threat, Injuries and/or damages to property):


**Witness #1:**
Name: _____ DOB: _____ Sex: Male ☐ Female ☐
Address: _____ Home Phone: _____Work Phone: _____
Describe the incident: _____
_____
_____

**Signature of Witness #1:** _____ Date: _____
_____

**Witness #2:**
Name: _____ DOB:_____ Sex: Male ☐ Female ☐
Address: _____ Home Phone: _____Work Phone: _____
Describe the incident: _____
_____
_____

**Signature of Witness #2:** _____ Date: _____


**THIS SECTION TO BE COMPLETED BY DEPARTMENT HEAD**
**Resolution Sought:** _____
_____

Was EAP Offered:  Yes ☐ No☐

**Signature of Department Head:** _____ Date: _____

**ALBANY COUNTY**
Workplace Violence Report Form

Date: _____ Employee's Name: _____

Department and Unit of Employee: _____

**Person(s) involved Including Job Titles:** _____

Type of Incident: _____

Where Incident Occurred: _____

Time of Day/Shift _____ Time and Date Incident Occurred: _____

Was Security or the police called: ☐ Yes ☐ No  Police Department _____

Was Formal Complaint Filed: ☐ Yes ☐ No  Incident #_____

Photograph(s) taken: ☐ Yes ☐ No

Any Injuries Reported: ☐ Yes ☐ No (describe below) Medical Care Provided: ☐ Yes ☐ No

Medical Care Provided By: _____ Where Transported_____

Describe Specific's of the Incident: (Threat, Injuries and/or damages to property):

_____
_____
_____
_____

**Witness #1:**

Name: _____ DOB: _____ Sex: ☐ Male ☐ Female

Address: _____ Home Phone: _____ Work Phone:_____

Describe the incident:

_____
_____
_____

Signature of Witness #1: _____

**Witness #2:**

Name: _____ DOB: _____ Sex: ☐ Male ☐ Female

Address: _____ Home Phone: _____ Work Phone:_____

Describe the incident:

_____
_____
_____

Signature of Witness #2: _____

THIS SECTION TO BE COMPLETED BY DEPARTMENT HEAD

Resolution Sought: _____

_____

_____

_____

Was EAP Offered: ☐ Yes ☐ No

Signature of Department Head: _____ Date: _____

EXHIBIT E

Albany County

## Department of **HUMAN RESOURCES**

### Division of Affirmative Action

**Daniel P. McCoy**
**Albany County Executive**
**Jennifer S. Clement, Commissioner**

## MEMORANDUM

**TO:**       County of Albany Employees

**DATE:**    April 15, 2009

**SUBJECT:**  Anti-discrimination Policy

It is the County's policy to afford each individual the right to work in an atmosphere that promotes equal employment opportunity. Employment discrimination violates federal, state and local laws. Albany County prohibits discrimination based on race, color, age, sex, gender, religion, nation origin, sexual orientation, disability, genetic disposition or carrier status and marital status. This applies with respect to all terms and conditions of employment including, for example, hiring, promotion, termination, and compensation.

Harassment, a form of discrimination, decreases employee morale and efficiency. Harassment is defined as verbal or physical conduct that degrades or shows hostility toward individuals due to their membership in a protected class and (1) has the purpose or effect of creating an intimidating, hostile, or offensive work environment; or (2) has the purpose or effect of unreasonably interfering with an individual's work performance; or (3) otherwise adversely affects an individual's employment opportunities. Harassment may include slurs, negative stereotypes, jokes, pranks, intimidation, written or graphic material, or physical violence based on the protected characteristics of an employee.

The County will not tolerate any discriminatory employment practices, including harassment, whether verbal, physical, environmental, or retaliation. The policy applies to all employees (management and staff), whether related to conduct engaged in by fellow employees, supervisors, or individuals not directly connected to the County (e.g., vendors, consultants, clients, etc.).

The County encourages reporting of all perceived incidents of discriminatory employment practices, including harassment. Employees who believe they have been the victim of discrimination or harassment, or believe they have witnessed such conduct should contact their supervisor or the Division of Affirmative Action. Confidentiality will be maintained to the greatest extent feasible.

If you have any questions or require additional information, do not hesitate to contact the Division of Affirmative Action at 447-7010.

EXHIBIT F



DANIEL P. MCCOY
COUNTY EXECUTIVE

DANIEL C. LYNCH, ESQ
DEPUTY COUNTY EXECUTIVE

COUNTY OF ALBANY
DEPARTMENT OF HUMAN RESOURCES
DIVISION OF AFFIRMATIVE ACTION
112 STATE STREET - SUITE 900
ALBANY, NEW YORK 12207
(518) 447-7010 - FAX (518) 447-5560
WWW.ALBANYCOUNTY.COM

JENNIFER CLEMENT
COMMISSIONER

SARAH K. SEYMOUR
DEPUTY COMMISSIONER

Dear Employee:

Equality of opportunity is protected by Title VII of the Civil Rights Act of 1964 and 1991, the New York State Human Rights Law and Albany County laws that prohibit discrimination and/or harassment on the basis of race, color, age, sex, gender, religion, nation origin, sexual orientation, disability, genetic disposition or carrier status, and marital status. It is the policy of the County of Albany to provide and assure equal opportunity to applicants and employees in all areas of employment. The County adheres to strict anti-harassment and anti-retaliation policies to ensure your right to a safe, fair and productive work environment. The discrimination complaint process and EEO counseling are available to applicants and employees alleging discrimination.

The attached Affirmative Action Complaint Form is a legal instrument that permits an investigation of allegations of discrimination and harassment. Confidentiality is maintained to the extent permitted by law and the circumstances. A detailed description of each allegation is essential to conduct a thorough investigation to pursue a determination. If available, please provide documents to support your allegations. Equally important to your statement describing the remedy sought.

Upon notification by employees and applicants requiring an accommodation to participate in EEO Counseling or the discrimination complaint process, the Division will make appropriate arrangements. There will be no charge to employee accruals for time taken in conjunction with this procedure.

If you have any questions or require additional information, do not hesitate to contact the Division of Affirmative Action at (518) 447-7010 or Affirmative.Action@albanycountyny.gov.

Cordially,

Jennifer Clement
Commissioner

EXHIBIT G

CSEA Headquarters
143 Washington Avenue
Albany NY 12210

Wednesday, September 7, 2016

     I am seeking your assistance into a situation which I have witnessed progress. My immediate supervisor has a unique personality, but he had repeatedly displayed levels of aggression towards his co-workers. Although I have to work with him I have been able to handle his behavior. Most recently he has turned his aggression towards me. I had to retreat to a corner of my cubicle because he chose to confront me in my cubicle. I believe that my response to his behavior helped to de-escalate the situation. Without provocation my supervisor has now insinuated that I could be fired at any time. To my knowledge my work has met the standards that are required. It is my belief that my supervisor's behavior, for reasons that are totally non-job related, may serve to undermine my job performance. There has not been any reason on my part for my supervisor to act in this manner based upon our daily interaction.

     I am a hard-working conscientious person who has the skills to follow direction from my supervisor without incident. Nevertheless the environment I work in has its own set of challenges, but this situation is not part of my job description. I am assigned to perform part of my job duties by making field visits. I work closely with my supervisor and I need him to be able to do my job successfully. The Courts rely on our field visits to establish compliance with the laws our Agency enforces. I am without the means to reach a resolution by myself. I have spoken with my Coordinator and Director. They have provided me with support, but my immediate supervisor is unique in nature and my situation is delicate. I continue to support my immediate supervisor and have no problem working for him. The fact of the matter is I don't want whatever issues lies beneath the surface on his part to continue to affect me. I consider myself to be a strong minded individual who has the ability to work with anyone. I bring my concerns to your attention because I want to preserve my job in a way that serves the best interest of our employer. I do not want to detract from the goals and objectives that have been established. I only want to work in an environment where everyone can have the same opportunity to work together.

     I believe that the leadership within my unit has the best interest of everyone involved in this situation. My efforts are to share my concerns with my Union in a way that provide a picture should my immediate supervisor's behavior escalate. I need my job and thus far I have been told that I am doing an exceptional job. In the last meeting when my immediate supervisor said that I could be fired at any time I became concerned. In addition, I have not given my immediate supervisor any reason to make these statements. I feel that my immediate supervisor based upon his established pattern of behavior is willing to retaliate against me. His retaliation stems from his behavior which has been observed by other co-workers and Management on several occasions. As a result, the recent episode involved my immediate supervisor yelling at me over the phone while I was in the field. Our Director required us to have a meeting with our Coordinator. In response, my immediate supervisor made the statement that I could be fired at any time because I would not support my immediate supervisor's position. My immediate got

upset prior to the meeting and made a series of threats against our Coordinator. When I did not agree with the manner in which my immediate supervisor was willing to use his leverage against Management, my supervisor became enraged with our Coordinator. I shared with my immediate supervisor that our unit seems to function well as it exists and I need both of you so that we can continue to work together. My immediate supervisor took exception to any meeting and very clearly displayed his emotional reactions. Prior to this meeting there was never any talk or mention that my work performance was sub-par or below any level of acceptable standards.

I am at a lost for words to describe how I feel. Most importantly I want to and need to be careful because I don't want to jeopardize my job security. So I am asking that my concerns be handled in a way that does not result in creating any animosity on the part of my immediate supervisor. At this time I do not wish to file a complaint because I fear what could occur as a result thereof.

EXHIBIT H

Open FOIL NY (https://www.ny.gov/programs/open-foil-ny)

# Review & Submit FOIL Request

| | |
|---|---|
| **Records requested from:** | ○ Department of Labor |
| **Title:** | Mr. |
| **First Name:** | Jesse |
| **Middle Initial:** | |
| **Last Name:** | Perry |
| **Email Address:** | bgrayperry@gmail.com |
| **Organization:** | Albany County Department of Social Services Child Support Enforcement Unit - Support Investigator |
| **Address Line 1:** | 162 Washington Avenue - 5th fl. |
| **Address Line 2:** | |
| **City:** | Albany |
| **State / Province:** | NY |
| **Zip / Postal Code:** | 12210 |
| **Country:** | USA |
| **Phone:** | (518) 605-7665 |
| **Fax:** | |
| **Short title of requested records:** | Two violations that were issued against Albany County for workplace violations by NYS Dept. of Labor. |
| **FOIL Request / Description of records sought:** | I was informed by Virginia O'Brien, CSEA that it was my 'impetus' that motivated the Civil Service Employees Association (CSEA) to address the working conditions that exist in my unit, the child support enforcement unit (CSEU). I respectfully request a copy of the two notices of violation issued approximately (August 2022 - September 2022) against Albany County for their failure to comply with Section 27-B. And Albany County's failure to comply with Workplace Violence Regulations 12 NYCRR Part 800.6. |
| **Response Format:** | Email |
| **Fee Limit:** | $ |
| **Checked Additional Information:** | • I am an individual seeking information for personal use |
| **Uploaded Files:** | |

← BACK    SUBMIT

EXHIBIT I

New York State Department of Labor
Public Employee Safety and Health Bureau
State Office Building Campus,
Building #12, Room 158
Albany, NY 12240
Phone: (518) 457-5508 Fax: (518) 485-1150



## Notice of Violation and Order to Comply

To: County Executive
112 State Street
Albany, New York 12207

Inspection Number: 1612290
Inspection Date(s): 08/03/2022-08/03/2022
Issuance Date: 12/16/2022
CSHO ID: N6557

Inspection Site: Albany County
112 State Street
Albany, New York 12207

*The violation(s) described in this Notice of Violation and Order to Comply is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.*

This Notice of Violation and Order to Comply (this Notice) describes violations of the Public Employee Safety and Health Act of 1980. You must abate the violations cited in this Notice by the dates listed below. An employer who wishes to file an appeal of the violation(s) cited, including but not limited to appeals which raise issues concerning the application of the cited standard(s) to the employer or to the violation(s) cited, as well as issues concerning the appropriateness of the abatement period(s), must do so within 60 days of the issuance date of this Notice by filing a petition with the Industrial Board of Appeals. Appeals of the violation(s) cited, including but not limited to appeals raising the issues listed above, will be considered time barred if not filed within the 60-day period. The details of such appeal process are set forth at 12 NYCRR Part 65 et seq and Section 101 of the Labor Law. Additional information may also be obtained from the Industrial Board of Appeals at their website: www.labor.state.ny.us/iba.

**Posting** - The law requires that a copy of this Notice be posted immediately in a prominent place at or near the location of the violation(s) cited below. This Notice must remain posted until the violation(s) cited below have been abated, or for 3 working days (excluding weekends and State holidays), whichever is longer.

**Penalty Assessment** - An employer that fails to correct a violation by its abatement date is subject to a PER DAY penalty assessment. We will assess a penalty of up to $50 per day for each non-serious violation, and up to $200 per day for each serious violation, until the violations are corrected. The penalty assessed for each violation will appear in the Failure to Abate notice.

**Informal Conference** - If an informal conference is requested, it must be made to the nearest PESH district office by telephone or letter, within 20 working days from the date of issuance given on this Notice.

Be sure to bring to the conference any and all supporting documentation of existing conditions as well as any abatement steps taken thus far.

**Employer Discrimination Unlawful** - The law prohibits discrimination by an employer against an employee for filing a complaint or for exercising any rights under this Act. An employee who believes that he/she has been discriminated against may file a complaint no later than 30 days after the discrimination occurred with the PESH district office at the address shown above.

**Employer Rights and Responsibilities** - The enclosed booklet (P907) outlines additional employer rights and responsibilities and should be read in conjunction with this notification.

**Notice to Employees** - An employee (or an authorized employee representative) may object to the abatement date set for a violation if the employee believes the date to be unreasonable. The objection must be filed at the nearest PESH district office within fifteen (15) working days (excluding weekends and State holidays) from the posting of this Notice.

New York State Department of Labor
Public Employee Safety and Health Bureau .

| | |
|---|---|
| Inspection Number: | 1612290 |
| Inspection Date: | 08/03/2022-08/03/2022 |
| Issuance Date: | 12/16/2022 |
| CSHO ID | N6557 |



## Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

---

<u>Citation 1 Item 1</u>                    Type of Violation: **Serious**

12 NYCRR Part 800.6(f): The employer did not evaluate the workplace to determine the presence of factors which may place employees at risk of workplace violence.

a) Albany County - The employer did not perform an evaluation of the workplace to determine the presence of factors which may place employees at risk of workplace violence. (f)(3).

1. Human Resources, 112 State Street Room 900
2. Assigned Counsel, 112 State Street 8th floor
3. Audit and Control, 112 State Street Room 1030
4. Board of Elections, 224 South Pearl Street
5. Civil Service Department, 112 State Street
6. Consumer Affairs, 112 State Street 13th floor
7. Economic Development, Conservation & Planning, 112 State Street Room 800
8. Executive's Office, 112 State Street Room 1200
9. Law Department, 112 State Street 6th floor
10. Management & Budget Department
11. Public Defender Office, 112 State Street 2nd floor
12. Real Property Tax Service Agency, 112 State Street, 13th floor
13. Sheriff, EMT, 21 Voorheesville Avenue

b) Albany County - The employer did not perform an evaluation of the workplace, with the participation of authorized employee representatives, to determine the presence of factors which may place employees at risk of workplace violence. (f)(3).

1. Aging Department, 100 Heritage Lane 5th floor
2. Children, Youth and Families Department, 112 State Street
3. Children, Youth and Families Department, 175 Green Street
4. Children, Youth and Families Department, 30 Clinton Avenue
5. County Clerk, 16 Eagle Street
6. Crime Victim & Sexual Violence Center, 112 State Street Room 1010
7. District Attorney's Office, 6 Lodge Street
8. Department of General Services, 260 South Pearl Street
9. Department of General Services, 60 South Pearl Street
10. Department of General Services, 112 State Street
11. Department of General Services, 175 Green Street
12. Hall of Records, 95 Tivoli Street
13. Hockey Facility, 830 Albany Shaker Road
14. Shaker Place Rehabilitation & Nursing Center, 100 Heritage Lane

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.

New York State Department of Labor
Public Employee Safety and Health Bureau

| | |
|---|---|
| Inspection Number: | 1612290 |
| Inspection Date: | 08/03/2022-08/03/2022 |
| Issuance Date: | 12/16/2022 |
| CSHO ID | N6557 |



### Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

_____

15. Probation Department, 60 South Pearl Street
16. Recreation Department
17. North Sewer Department, 1 Canal Road
18. South Sewer District, 209 Church Street
19. Sheriff Patrol Station, 58 Verda Avenue
20. Sheriff, Airport
21. Sheriff, 911 Communication Center, 449 New Salem Road
22. Sheriff, County Courthouse, 16 Eagle Street
23. Sheriff, Judicial Center, 6 Lodge Street
24. Sheriff, Stop DWI, 16 Eagle Street
25. Sheriff, Family Court, 30 Clinton Avenue
26. Sheriff, Correctional Facility, 840 Albany-Shaker Road
27. Department of Social Services, 162 Washington Avenue
28. Department of Social Services, 175 Central Avenue

Date by Which Violation Must Be Abated:                    May 03, 2023

Citation 1 Item 2              Type of Violation: **Serious**

12 NYCRR Part 800.6(g): The employer failed to develop a written workplace violence prevention program.

a) Albany County - The employer's written workplace violence prevention program for Albany County is deficient as it did not include the participation of authorized employee representatives in the development of the written program by soliciting input from the authorized employee representative on situations in the workplace that pose a threat of workplace violence; it did not include a list of risk factors identified in the workplace examination and the methods and means the employer will use to address each specific hazard identified in the workplace evaluation; and it does not set forth any mitigating steps taken in response to each incident of workplace violence. Confidential information for security reasons shall not be disclosed (g)(1)-(2).

Date by Which Violation Must Be Abated:                    May 03, 2023

Citation 1 Item 3              Type of Violation: **Serious**

12 NYCRR Part 800.6(h): The employer failed to provide information and training on the risks of workplace violence in the workplace.

a) Albany County - The employer's training is deficient in that Albany County employees were not informed on the requirements of this Part, the risk factors that were identified in the risk evaluation, and the measures that employees can take to protect themselves from identified risks. (h)(1) (i,ii)

Date by Which Violation Must Be Abated:                    June 15, 2023

New York State Department of Labor
Public Employee Safety and Health Bureau

| | |
|---|---|
| Inspection Number: | 1612290 |
| Inspection Date: | 08/03/2022-08/03/2022 |
| Issuance Date: | 12/16/2022 |
| CSHO ID | N6557 |



Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

___

Citation 1 Item 4                 Type of Violation: **Serious**

12 NYCRR Part 800.6(i): The employer failed to establish and maintain a recordkeeping system for reporting of workplace violence incidents.

a) Albany County - The employer's implementation of its reporting system for incidents of workplace violence is deficient in that the Workplace Violence Employee Report Form that employees are to use for reporting incidents of workplace violence does not include the names and job titles of involved employees, and a detailed description of the incident, including events leading up to the incident and how the incident ended; a workplace violence incident report form has not been completed for every incident of workplace violence in the workplace; the employer has not maintained the completed workplace violence incident report forms for use in annual program review and update; and the employer, with the participation of authorized employee representatives, did not conduct a review of the Workplace Violence Incident Reports at least annually to identify trends in the types of incidents in the workplace and review of the effectiveness of the mitigating actions taken. (i)(1)-(5).

Date by Which Violation Must Be Abated:                                    May 03, 2023

___

Citation 2 Item 1                 Type of Violation: **Non-Serious**

12 NYCRR Part 801.29(a): The employer did not use SH 900, SH 900.1, and SH 900.2 forms, or equivalent forms, and associated instructions, for recordable injuries and illnesses. The SH 900 form is called the Log of Work-Related Injuries and Illnesses, the SH 900.1 is the Annual Summary of Work-Related Injuries and Illnesses, and the SH 900.2 form is called the Injury and Illness Incident Report.

a) For calendar year 2019, the information required by the instructions associated with the SH-900 and SH-900.1 forms was not provided. Examples include no description of the injury or illness, parts of the body affected or object/substance that directly injured or made the person ill (Column F), no identification of type of case, number of days, and injury and illness type (Columns G-M), and incorrect data recorded on the Summary for number of cases, number of days, and injury and illness types (Sections 3,4,5).
1- Human Resources, Harold L. Joyce Office Building
2- Health Department, 175 Green Street
3- Hockey Facility
4- Mental Health, 260 South Pearl Street
5- Department of Public Works, Colonie
6- Department of Public Works, Coeymans
7- Department of Public Works, Main Garage, Voorheesville
8- Recreation Department
9- Sewer District North
10- Sewer District South
11- Shaker Place Rehabilitation and Nursing Center

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.

New York State Department of Labor
Public Employee Safety and Health Bureau

Inspection Number:    1612290
Inspection Date:      08/03/2022-08/03/2022
Issuance Date:        12/16/2022
CSHO ID               N6557



### Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

---

12- Sheriff, 58 Verda Avenue, Clarksville
13- Sheriff, Albany County Courthouse, 16 Eagle Street, Albany
14- Sheriff, Judicial Center, 6 Lodge Street, Albany
15- Sheriff, Albany County Family Court, 30 Clinton Avenue
16- Sheriff, Albany County Correctional Facility
17- Social Services, 162 Washington Avenue

b) For calendar year 2020, the information required by the instructions associated with the SH-900 and SH-900.1 forms was not provided. Examples include no description of the injury or illness, parts of the body affected or object/substance that directly injured or made the person ill (Column F), no identification of type of case, number of days, and injury and illness type (Columns G-M), and incorrect data recorded on the Summary for number of cases, number of days, and injury and illness types (Sections 3,4,5).
1- Human Resources, Harold L. Joyce Office Building
2- Health Department, 175 Green Street
3- Mental Health, 224 South Pearl Street
4- Mercantile Building
5- Department of Public Works, Colonie
6- Department of Public Works, Coeymans
7- Department of Public Works, Main Garage, Voorheesville
8- Recreation Department
9- Sewer District North
10- Sewer District South
11- Shaker Place Rehabilitation and Nursing Center
12- Sheriff, 58 Verda Avenue, Clarksville
13- Sheriff, Albany County Courthouse, 16 Eagle Street, Albany
14- Sheriff, Judicial Center, 6 Lodge Street, Albany
15- Sheriff, EMT, 21 Voorheesville, Avenue, Voorheesville
16- Sheriff, Albany County Correctional Facility
17- Social Services, 162 Washington Avenue

c) For calendar year 2021, the information required by the instructions associated with the SH-900 and SH-900.1 forms was not provided. Examples include no description of the injury or illness, parts of the body affected or object/substance that directly injured or made the person ill (Column F), no identification of type of case, number of days, and injury and illness type (Columns G-M), and incorrect data recorded on the Summary for number of cases, number of days, and injury and illness types (Sections 3,4,5).
1. Human Resources, Harold L. Joyce Office Building
2. Hall of Records
3- Department of Public Works, Rensselaerville
4- Department of Public Works, Westerlo
5- Department of Public Works, Colonie
6- Department of Public Works, Knox
7- Department of Public Works, Coeymans

New York State Department of Labor
Public Employee Safety and Health Bureau

Inspection Number:     1612290
Inspection Date:       08/03/2022-08/03/2022
Issuance Date:         12/16/2022
CSHO ID                N6557



## Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

___

8- Department of Public Works, Main Garage, Voorheesville
9- Department of Public Works, Berne
10- Sewer District North
11- Sewer District South
12- Shaker Place Rehabilitation and Nursing Center
13- Sheriff, 58 Verda Avenue, Clarksville
14- Sheriff, Albany County Courthouse, 16 Eagle Street, Albany
15- Sheriff, Stop DWI, 75 Ramson Street, Cohoes
16- Sheriff, EMT, 21 Voorheesville, Avenue, Voorheesville
17- Sheriff, Albany County Correctional Facility
18- Sheriff, Albany International Airport
19- Social Services, 162 Washington Avenue

d) For calendar year 2019 the employer did not maintain the SH-900 Log of Work-Related Injuries and Illnesses, or equivalent form, and did not complete the SH-900.1 Annual Summary of Work-Related Injuries and Illnesses, or equivalent form.
1- Children, Youth & Family Mental Health, 175 Green Street
2- Children, Youth & Family Court, 30 Clinton Avenue
3- Clerk
4- District Attorney
5- Department of General Services, 260 South Pearl Street
6- Department of General Services, 60 South Pearl Street
7- Department of General Services, 175 Green Street
8- Mental Health, 75 New Scotland Avenue
9- Mental Health, 840 Albany Shaker Road
10- Probation Department, 60 South Pearl Street
11- Public Works Department, Bethlehem
12- Real Property Tax Service
13- Sheriff, Albany International Airport
14- Sheriff, 911 Communication Center, 449 New Salem Road
15- Sheriff, Stop DWI
16- Sheriff, Albany County EMS
17- Sheriff, Albany County EMT
18- Social Services, 175 Central Avenue
19- Veterans Services Bureau, 162 Washington Avenue

e) For calendar year 2020 the employer did not maintain the SH-900 Log of Work-Related Injuries and Illnesses, or equivalent form, and did not complete the SH-900.1 Annual Summary of Work-Related Injuries and Illnesses, or equivalent form.
1- Board of Elections
2- Children, Youth & Family, Mental Health, 175 Green Street
3- Children, Youth & Family, Family Court, 30 Clinton Avenue

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.

New York State Department of Labor
Public Employee Safety and Health Bureau

Inspection Number: 1612290
Inspection Date: 08/03/2022-08/03/2022
Issuance Date: 12/16/2022
CSHO ID N6557



### Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

4- Clerk
5- District Attorney
6- Department of General Services, 260 South Pearl Street
7- Department of General Services, 60 South Pearl Street
8- Department of General Services, 175 Green Street
9- Hall of Records
10- Hockey Facility
11- Mental Health, 260 South Pearl Street
12- Mental Health, 175 Green Street
13- Mental Health, 75 New Scotland Avenue
14- Mental Health, 840 Albany Shaker Road
15- Probation
16- Public Defender
17- Department of Public Works, Rensselaerville
18- Department of Public Works, Westerlo
19- Department of Public Works, Knox
20- Department of Public Works, Bethlehem
21- Real Property Tax Service
22- Sheriff, Albany International Airport
23- Sheriff, Judicial Center
24- Sheriff, Stop DWI
25- Sheriff, EMS
26- Sheriff, Albany County Family Court
27- Social Services, 162 Washington Avenue
28- Social Services, 175 Central Avenue
29- Steadman House Justice Center
30- Veterans Service Bureau

f) For calendar year 2021 the employer did not maintain the SH-900 Log of Work-Related Injuries and Illnesses, or equivalent form, and did not complete the SH-900.1 Annual Summary of Work-Related Injuries and Illnesses, or equivalent form.
1- Board of Elections
2- Children, Youth & Family, Mental Health, 175 Green Street
3- Children, Youth & Family, Family Court, 30 Clinton Avenue
4- Clerk
5- District Attorney
6- Department of General Services, 260 South Pearl Street
7- Department of General Services, 60 South Pearl Street
8- Department of General Services, 175 Green Street
9- Hockey Facility
10- Mental Health, 224 South Pearl Street
11- Mental Health, 260 South Pearl Street

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.
Notice of Violation and Order to Comply
Page 8 of 10
NYPESH-2 (Rev.

New York State Department of Labor
Public Employee Safety and Health Bureau

Inspection Number: 1612290
Inspection Date: 08/03/2022-08/03/2022
Issuance Date: 12/16/2022
CSHO ID: N6557



### Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

---

12- Mental Health, 175 Green Street
13- Mental Health, 75 New Scotland Avenue
14- Mental Health, 840 Albany Shaker Road
15- Mercantile Building, 60 South Pearl Street
16- Probation
17- Public Defender
18- Department of Public Works, Bethlehem
19- Real Property Tax Service
20- Recreation Department
21- Sheriff, Judicial Center
22- Sheriff, Stop DWI
23- Sheriff, EMS
24- Sheriff, Albany County Family Court
25- Social Services, 175 Central Avenue
26- Steadman House Justice Center

Date by Which Violation Must Be Abated:                                    May 03, 2023

Citation 2 Item 2                    Type of Violation: **Non-Serious**

12 NYCRR Part 801.29(b): The employer had entered an employee's name on the SH-900 Log considered to be a "privacy concern case."

a) Albany County - For calendar year 2019, cases considered to be privacy concern cases had the name(s) of the employee(s) listed on the log instead of denoting "privacy concern case" under Employee Name (Column B).
 1- Dept of Mental Health, 224 South Pearl Street
 2- Shaker Place Rehabilitation and Nursing Center
 3- Sheriff's Dept, Albany County Correctional Facility

b) Albany County - For calendar year 2020, cases considered to be privacy concern cases had the name(s) of the employee(s) listed on the log instead of denoting "privacy concern case" under Employee Name (Column B).
 1- Shaker Place Rehabilitation and Nursing Center
 2- Sheriff's Patrol Station, 58 Verda Avenue, Clarksville

c) Albany County - For calendar year 2021, cases considered to be privacy concern cases had the name(s) of the employee(s) listed on the log instead of denoting "privacy concern case" under Employee Name (Column B).
 1- Sheriff's Patrol Station, 58 Verda Avenue, Clarksville

---

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.
Notice of Violation and Order to Comply                    Page 9 of 10                    NYPESH-2 (Rev.
4/12)

New York State Department of Labor
Public Employee Safety and Health Bureau

| | |
|---|---|
| Inspection Number: | 1612290 |
| Inspection Date: | 08/03/2022-08/03/2022 |
| Issuance Date: | 12/16/2022 |
| CSHO ID | N6557 |



Notice of Violation and Order to Comply

Establishment: Albany County
Inspection Site: 112 State Street, Albany, New York 12207

Note: The employer must enter "privacy case" in the space normally used for the employee's name. This will protect the privacy of the injured or ill employee when another employee, a former employee, or an authorized employee representative is provided access to the SH 900 Log under section 801.35. The employer must keep a separate, confidential list (the Privacy Case List) of the case numbers and employee names for the employer's privacy concern cases so the employer can update the cases and provide the information to the government if asked to do so.

Note: Privacy concern cases are:
a) An injury or illness to an intimate body part or reproductive system;
b) An injury or illness resulting from sexual assault;
c) Mental illness;
d) HIV infection, hepatitis, or tuberculosis;
e) Needlestick and cuts from sharp objects that are that are contaminated with another person's blood or other potentially infectious material (see 801.7 for definitions);
f) Other illnesses, if the employee independently and voluntarily requests that his or her name not be entered on the log.

Date by Which Violation Must Be Abated:                                                     May 03, 2023

*Citation 2 Item 3*          Type of Violation: **Non-Serious**

12 NYCRR Part 801.32(a)(2): The SH-900.1 (or equivalent) annual summary of occupational injuries and illnesses was not created for the previous calendar year.

a) Albany County - The employer did not create an annual summary of occupational injuries and illnesses (SH-900.1) for calendar year 2019.
1- Dept of Mental Health, 224 South Pearl Street

b) Albany County - The employer did not create an annual summary of occupational injuries and illnesses (SH-900.1) for calendar year 2020.
1- Shaker Place Rehabilitation and Nursing Center

Date by Which Violation Must Be Abated:                                                     May 03, 2023

Joseph Fuller
Supervising Safety and Health Inspector

See pages 1 through 2 of this Notice of Violation and Order to Comply for information on employer and employee rights and responsibilities.
Notice of Violation and Order to Comply                Page 10 of 10                NYPESH-2 (Rev.
4/12)

EXHIBIT J



# 4-D Christmas Party

**When:** Thursday, December 13, 2018 at 12:00pm

**Where:** McGeary's Irish Pub – Clinton Square

**Contact:** Emily (7395)

We will be ordering off the menu. Please look over the menu and make your lunch selection. Once a decision is made, please inform Emily of your choice by no later than <u>Monday, December 10</u>.

Money is not needed in advance, but please be sure to have your payment with you on the day of the party.



# EXHIBIT K

Perry, Jesse

| | |
|---|---|
| **From:** | Donlon,Robert |
| **Sent:** | Thursday, April 25, 2019 6:29 PM |
| **To:** | Donlon,Robert |
| **Subject:** | Goodbye, goodnight and good luck |

To everyone at DSS,

I would like to say Goodbye to many of the people I have had the pleasure of working with over the past 39.6yrs.   Thank you!

One last email.  It's not even payroll related.  A few people have mentioned how they would miss my yearly emails relating to payroll and my sarcastic sense of humor, etc.  I know those of you that have said that, were only trying to stay on my good side you got your paychecks on time!  :^)

Now, some of you are thinking, Wow, what a pompous ass thinking he's so important that he thinks his emails are worthy of reading. Well, don't get overly excited, if you don't know me, or wish you didn't.  You might as well delete the email now, this could go down a rabbit hohol

DSS is not the easiest place to work due to the nature of the job.  You have to deal with people who are at low points in the their lives and you have to maintain a neutral/happy disposition.  Not easy when you're being called every name in the book.  Most of you do it amazingly well and manage to keep a calm demeanor.

It was my pleasure to have had the opportunity to work with all of you.  Well, maybe not all of you, but definitely most of you.  Some of you need to relax and chill out, it's just a job.  Your co-workers don't need to deal with all of you negativity and complaining while trying to maintain their own jobs.

If you read this far, Good for you, the masochistic training classes are opening up soon. there are some of you truly have no clue who I am, and I'm sure there's a group that do know me, wish they didn't.  Good news.  I'm gone!  Enjoy me being gone, and enjoy coming to work tomorrow and the day after, and, repeat.

If you didn't hit delete, you really are a masochist.

I can say, my work sentence is over, they're releasing me from the daily grind and my last day of work will is Thursday, 4/25.  Almost 40 years for one company, and 38 years in the same unit is more than anyone should have to endure.  Although I will say it was a long, strange trip.

I know a lot of people who retire say things like, "I'm going to miss this place" or, "I'm going to miss my co-workers".  Notice I said, *I know a lot of people that say those things*.

I can honestly say that from day 1, 14,466 days ago, on a nice, just about to become fall day, way back in September 1979, I was working at the satellite office we had in the Cohoes Library.  Working for a PA unit sometimes really sucks, especially once a month when recerts were scheduled and it was a sensory overload of sights, sounds, and unfortunately smells.  But, for the most part, it really was and still is a great place to work. Where else do you get 11 paid holidays, 13 sick days (that can be carried over), 6 personal days, and a large number of vacations days each year?  So, why are you hovering around 0.00hrs?

I've made many friends along that way,  Some that I miss due to them leaving, or some that I will miss due to my leaving.

1

Remember, it's just a job, and keep doing the best job you can.

In closing, disco was still popular when I started and the 70s were winding down.  I'm old... Not really.

Enjoy

**Robert R. Donlon**

Formerly known as the Assistant Director of Accounts

Albany County Social Services
162 Washington Ave – 3rd FL
Albany, New York 12210

Phone: 518-447-7478
Fax: 518-447-7722

Sent from my Samsung Note 9 smartphone, please excuse any typo/auto correct errors.

Perry, Jesse

| | |
|---|---|
| **From:** | Perry, Jesse |
| **Sent:** | Monday, July 6, 2020 9:40 AM |
| **To:** | Dudek, Edward |
| **Subject:** | appointments |

Ed I will visit 112 State St., Albany New York today to follow-up on an hour long meeting I had with a representative in their office. I was encouraged by Beth Lyons and Eileen Walsh to call them back last week while I was in the conference room on the seventh floor. Before I went to the seventh floor last week I called 112 State St to make them aware of my actions. By the time I returned paperwork back to Eileen Walsh on the seventh floor, 112 State St had already called 162 Washington Avenue asking me to call them back.

Today I am following up with the request of the office located at 112 State St., Albany New York. I will make you aware of my movements and include them in the log book.

**Perry, Jesse**

**From:** Donlon,Robert
**Sent:** Wednesday, July 08, 2020 3:44 PM
**To:** Donlon,Robert
**Subject:** How to set up a KYOCERA printer for private printing

This is lengthy, but has pretty pictures to follow along.

This is how to set up your printer so that it will only print when you go to the printer and enter you code, aka, Private printing. This way, you won't waste paper, and your stuff won't be mixed in with others that are also printing only to be lost somewhere near the black hole of lost socks.

Whether you are running Window 10 or 7, the starting this process is a little different but then it should be the same once you get the printers preferences screens.

***** WINDOWS 10 START HERE *****

Click the start button, then the settings gear icon



Then click on DEVICES



Encrypted Message                                                    bgrayperry@gmail.com     Sign Out     ?

## RE: "Encrypt"

GT  **Gladden, Tyrell** <Tyrell.Gladden@albanycountyny.gov>                    ⇌  Reply all  |∨
Today, 9:16 AM
Jesse Perry <bgrayperry@gmail.com>  ⩗

Good Morning,

We received your complaint and it is being reviewed.  Per our last conversation, do you require a copy?  We will contact you early next week.

Thank you.

Tyrell Gladden
Director of Affirmative Action
Albany County Department of Human Resources
112 State Street, Room 900| Albany, NY 12207
tel: 518.447.7010
fax: 518.447.5560
tyrell.gladden@albanycountyny.gov
www.albanycounty.com



♻ Please consider the environment before printing this email. Confidentiality Notice: This fax/e-mail transmission, with accompanying records, is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or privileged information belonging to the sender, including individually identifiable health information subject to the privacy and security provisions of HIPAA. This information may be protected by pertinent privilege(s), e.g., attorney-client, doctor-patient, HIPAA etc., which will be enforced to the fullest extent of the law. If you are not the intended recipient, you are hereby notified that any examination, analysis, disclosure, copying, dissemination, distribution, sharing, or use of the information in this transmission is strictly prohibited. If you have received this message and associated documents in error, please notify the sender immediately for instructions. If this message was received by e-mail, please delete the original message.

**From:** Jesse Perry <bgrayperry@gmail.com>

🔒 Message Encryption by Microsoft Office 365

Perry, Jesse

| | |
|---|---|
| **From:** | Donlon,Robert |
| **Sent:** | Thursday, July 16, 2020 10:46 AM |
| **To:** | Perry, Jesse |
| **Subject:** | RE: computer |

Jesse,

Call me Bob, Mr. Donlon is my dad.  :^)

It's not a problem.  Just trying to save time for you later.

When DIS, or I do updates, those are things that can be done remotely or even behind the scenes at night when everyone is gone, but still pushed to your PC recmotely.

Doing a new pc has different requirmentts.  I have to copy all of your files on your computer to the new PC and then install them under your sign on credentials. Then, because you have ASSETS, I have to uninstall the default versions of Office and Java and reinstall the one that works with Assets, along with other files.

Again, not a problem, it just means that when I do bring the new PC up ,you have to stick around because there will be several reboot that require you to log in and it could take a few hours.

Bob

**From:** Perry, Jesse
**Sent:** Thursday, July 16, 2020 10:41 AM
**To:** Donlon,Robert <Robert.Donlon@albanycountyny.gov>
**Subject:** computer

Mr. Donlon with all due respect you updated this computer from your location without the use of my password. I want to comply with your ability to help me but I am unable to give you my password at this time.

If there is any other way for us to accomplish this task them I will work with you.

Thank you in advance for your time and cooperation.

1

Perry, Jesse

| | |
|---|---|
| **From:** | Donlon,Robert |
| **Sent:** | Wednesday, November 18, 2020 8:49 AM |
| **To:** | Perry, Jesse |
| **Cc:** | Dudek, Edward |
| **Subject:** | RE: computer |

I stopped by yesterday morning around 8:30 or so and I think you were in the field. I worked on 2 other machines hoping you would be back by the time I was done.

As for whether or not this is normal. Not complexly. Since roughly Mid-March nothing has been normal regarding work and PC deploy/replacements. Priorities have shifted around and getting new employees a working PC, others prepped for another potential work-at-home with laptops, and, a Kiosk installation project to help clients have taken priority over issues.

As of right now, I have several new people starting that I need to get several PCs reimaged and ready to go for them by next week. At this point, I'm not sure, but I will try to get there later this morning, or this afternoon.

Trust me, if you've seen some of machines people are running, dust is not a problem.

Are you using ASSETS or UIFSA?

Thank you,
Bob Donlon

Commissioner's Staff / IT − 7th Floor
Albany County Social Services
162 Washington Ave
Albany, New York 12110

Hours
Tuesday     8:00am − 4:00pm
Wednesday   8:00am − 4:00pm
Thursday    8:00am − 11:30am

*Phone: 518-447-7341*
*Fax: 518-447-7722*

**From:** Perry, Jesse <Jesse.Perry@albanycountyny.gov>
**Sent:** Wednesday, November 18, 2020 8:28 AM
**To:** Donlon,Robert <Robert.Donlon@albanycountyny.gov>
**Cc:** Dudek, Edward <Edward.Dudek@albanycountyny.gov>
**Subject:** computer

Mr. Donlon realistically speaking when would you be able to assist me? The other day you asked me what is my schedule this week and next week? October 15th you said that you would not be able to assist me for approximately two weeks.

1

Is this the amount of time that it usually takes for this process to occur. If it is, is it possible for me to get a cover to protect this unit from all of the dust that has collected on it.

I am available today and tomorrow. Let me know what your schedule is or is there anyone else who came help me if you are not available?

**Perry, Jesse**

| | |
|---|---|
| **From:** | Donlon,Robert |
| **Sent:** | Wednesday, November 18, 2020 12:21 PM |
| **To:** | Perry, Jesse |
| **Cc:** | Dudek, Edward; Horan, Mark |
| **Subject:** | NEW PC |

Jesse,

I have the computer, I'm going to reconfig certain software that I can do without your login info, then bring it back up to you later today

Bob

EXHIBIT L

Perry, Jesse

| | |
|---|---|
| From: | Dudek, Edward |
| Sent: | Wednesday, July 22, 2020 2:43 PM |
| To: | Sidoti, Anthony; Perry, Jesse; McCarthy, Stephen |
| Subject: | FW: Field Work |

## Summons Unit Staff:  Be aware of the following changes regarding field assignments.  Thanks, Ed

**Edward J. Dudek Jr.**
**Coordinator**
**Albany County Child Support Enforcement**
**162 Washington Ave.**
**Albany, NY 12210**
**tel  518-447-7448**
**fax  518-447-7004**

Confidentiality Notice: This fax/e-mail transmission, with accompanying records, is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or privileged information belonging to the sender, including individually identifiable health information subject to the privacy and security provisions of HIPAA. This information may be protected by pertinent privilege(s), e.g., attorney-client, doctor-patient, HIPAA etc., which will be enforced to the fullest extent of the law.  If you are not the intended recipient, you are hereby notified that any examination, analysis, disclosure, copying, dissemination, distribution, sharing, or use of the information in this transmission is strictly prohibited. If you have received this message and associated documents in error, please notify the sender immediately for instructions. If this message was received by e-mail, please delete the original message.

**From:** Horan, Mark <Mark.Horan@albanycountyny.gov>
**Sent:** Wednesday, July 22, 2020 2:01 PM
**To:** Fink, Frank <Frank.Fink@albanycountyny.gov>
**Cc:** Dudek, Edward <Edward.Dudek@albanycountyny.gov>
**Subject:** Field Work

To All Field Workers:

Please be advised that effective immediately, when serving summonses in the field, you should avoid serving in the proximity of a three block radius of your residential address or place where you are temporarily residing.  This will be done for safety considerations and also to comply with standardized policies set forth by the County.  Summonses will be assigned in accordance with this protocol.  Should you be assigned a summons within a three block area of your residential address or place where you are temporarily staying, please see your immediate supervisor who in turn will reassign it.

Your cooperation in this matter will be appreciated.

Any questions, please feel free to see me.

Thanks,
Mark

1

EXHIBIT L

# MEMORANDUM

*Albany County Department of Social Services*

To:      Jesse Perry

From:     Beth A. Lyons
               Personnel Administrator
               Commissioner's Office

Date:      July 15, 2020

Subject:   Violation of Policy: Time Lost and Wage Deduction
               Payroll Week Ending:     July 9, 2020

      As a result of your absence when you exhausted all appropriate accrued time, your next paycheck will reflect a reduction in the number of hours worked by   3.25   hours.

      Dates of Absence(s):
            July 9, 2020        3.25 hours

**Continued absence without accrued time may result in disciplinary action.**

      If you have any questions, feel free to come to the Commissioner's Office for further discussion of this matter.

Notice Number    1

6 month period ending   January 9, 2021

**\* Director – Please complete the reverse side and return to Beth Lyons by:**
        July 21, 2020

C:     Commissioner McClave
       Director
       Employee

**CONFIDENTIAL – NOT FOR PUBLIC DISSEMINATION**

To:     Elizabeth Lyons

From: Edward J. Dudek Jr.

Employee Name  Jesse Perry                    Notice #  1

Unit  Child Support

Director/Supervisor                              Dates of Absence  July 9, 2020

Reason for Absence:
Sick Time was exhausted

Recommendation:

Employee Signature  Jesse Perry

Director's Signature  Mark R. Hogan

Date  7/17/20

CONFIDENTIAL – NOT FOR PUBLIC DISSEMINATION

# MEMORANDUM

*Albany County Department of Social Services*

To:        Jesse Perry

From:      Beth Lyons
           Personnel Administrator
           Commissioner's Office

Date:      March 30, 2021

Subject:   Violation of Policy: Time Lost and Wage Deduction
           Payroll Week Ending:        March 25, 2021

      As a result of your absence when you exhausted all appropriate accrued time, your next paycheck will reflect a reduction in the number of hours worked by ___7___ hours.

Dates of Absence(s):
      March 25, 2021

**<u>Continued absence without accrued time may result in disciplinary action</u>.**

      If you have any questions, feel free to come to the Commissioner's Office for further discussion of this matter.

Notice Number ___1___

6 month period ending ___September 25, 2021___

**\* Director – Please complete the reverse side and return to Beth Lyons by:**
___April 2, 2021___

C:   Commissioner McClave
     Director
     Employee

**CONFIDENTIAL – NOT FOR PUBLIC DISSEMINATION**

To:    Beth Lyons

From:   MARK HORAN

Employee Name   JESSE PERRY        Notice #   1

Unit   CHILD SUPPORT

Director/Supervisor   MARK HORAN/LISA COMINS   Dates of Absence   3/25/21

Reason for Absence:

CALLED IN SICK
_____
_____
_____
_____
_____
_____

Recommendation:

SPOKE TO JESSE - ADVISED HIM OF OPTIONS AND ADVISED
HIM OF COUNTY POLICY REGARDING TIME -
NO ACTION AT THIS TIME

Employee Signature   _____

Director's Signature   _____

Date   4/15/21

CONFIDENTIAL – NOT FOR PUBLIC DISSEMINATION

EXHIBIT M

**From:** Lyons, Elizabeth  Elizabeth.Lyons@albanycountyny.gov
**Subject:** RE: Pay
**Date:** August 6, 2020 at 1:58 PM
**To:** Jesse Perry bgrayperry@gmail.com

Good morning Jesse,

I have received your request to receive sick leave at half pay.  Before you can request sick leave at half pay, you must first request 13 advanced sick days. These advanced sick days are repaid by your sick accruals when you return to work.  Based on your accrual balance, on August 6, you will use your 2.75 remaining sick hours to be paid and then your accruals will be exhausted.  You will need to request the use of the 13 advanced sick days beginning on August 7, 2020.  Do you wish to request the 13 advanced sick days?  If so, please complete and email me back the attached form.  If you are having a problem completing the form, please just email me back that you wish to request the 13 advanced sick days.

Thank you,
Beth

**From:** Jesse Perry <bgrayperry@gmail.com>
**Sent:** Tuesday, August 4, 2020 11:38 PM
**To:** Lyons, Elizabeth <Elizabeth.Lyons@albanycountyny.gov>
**Subject:** "encrypt"

I am unable to determine when the correct start date would begin. Furthermore, I have an on going condition that does not allow me to return to work at this time. The doctor who provided you with the last form of documentation, is not my doctor. I was unable to see my doctor so he filled the form out, to my knowledge.

Can you tell me when did you receive the last form of documentation from my doctor?

Thank you in advance for your time and assistance.

Confidentiality Notice: This fax/e-mail transmission, with accompanying records, is intended only for the use of the individual or entity to which it is addressed and may contain confidential and/or privileged information belonging to the sender, including individually identifiable health information subject to the privacy and security provisions of HIPAA. This information may be protected by pertinent privilege(s), e.g., attorney-client, doctor-patient, HIPAA etc., which will be enforced to the fullest extent of the law. If you are not the intended recipient, you are hereby notified that any examination, analysis, disclosure, copying, dissemination, distribution, sharing, or use of the information in this transmission is strictly prohibited. If you have received this message and associated documents in error, please notify the sender immediately for instructions. If this message was received by e-mail, please delete the original message.

Leave Request
Form o...A.docx